Rosa GARCIA, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–90–412–CR.

Court of Appeals of Texas,
Corpus Christi.

Nov. 7, 1991.

Alex Luna, Victoria, for appellant.

Steven G. Paulsgrove, Goliad, for appellee.

Before NYE, C.J., and SEERDEN and BISSETT [1], JJ.

## OPINION

NYE, Chief Justice.

The trial court found appellant, Rosa Garcia, guilty of reckless conduct and assessed as punishment six months' confinement in the Goliad County Jail, probated for six months, plus a $250 fine. By two points of error, appellant attacks the sufficiency of the evidence to prove imminent danger of serious bodily injury, and she contends that the State did not prove that the alleged offense occurred in the State of Texas. We affirm.

On August 13, 1990, Olga Garcia awoke at 3:00 a.m. when she heard someone banging on her front door. She woke her husband, Valentine Garcia, Jr., and he opened the door. He saw his sister, appellant, standing outside the door, holding a shotgun. He said that it looked like a 12-gauge shotgun. She wanted him to help her get into their parents' house next door. He told her that their parents were home and that they could let her in. She said no, and he said, "If they don't want to let you in, fine. They ain't going to let you in. I don't got nothing to do with that." At that time, she pointed the shotgun at him and said, "I'm going to get you if you don't come out and open the door over there and

come out to let me in." He told her to put the gun down and leave. She refused and said that she would be back. Mr. Garcia put on his pants, grabbed a flashlight, and went outside. He and appellant went to their parents' house. He knocked on the front door, and nobody answered. He went to another door and determined that nobody had gotten in or out of the house. He assumed that their parents just did not want appellant inside the house. He told appellant, "If they don't want to let you in, just go away." She mumbled something and left.

■ By point one, appellant attacks the sufficiency of the evidence to prove imminent danger of serious bodily injury, an essential element of the alleged offense. In reviewing the sufficiency of the evidence, we must determine whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim.App.1989); *Zamora v. State,* 779 S.W.2d 886, 889 (Tex.App.—Corpus Christi 1989, no pet.). The information stated, in pertinent part (footnote omitted):

[O]n or about the 13th day of August, A.D. 1990, and before the making and filing of this information, in the County of Goliad and the State of Texas, one Rosa Garcia, Defendant did then and there recklessly engage in conduct that placed Valentine Garcia, Jr. in imminent danger of serious bodily injury by then and there pointing a shotgun at the said Valentine Garcia, Jr. and threatening him.

Whether proof of threatening another with imminent bodily injury by using a deadly weapon constitutes proof that the actor engaged in conduct that placed another in imminent danger of serious bodily injury was addressed in *Bell v. State,* 693 S.W.2d 434 (Tex.Crim.App.1985). In *Bell,* the court said:

---

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex.

Gov't Code Ann. § 74.003 (Vernon 1989).

Patently, threatening another with imminent bodily injury is engaging in conduct. When that threat is accomplished by the use of a deadly weapon, by definition the victim is "exposed" to the deadly character of the weapon and the inherent risk of serious bodily injury. The *danger* of serious bodily injury is necessarily established when a deadly weapon is *used* in the commission of an offense. It follows, therefore, that proof of threatening another with imminent bodily injury by the use of a deadly weapon constitutes proof of engaging in conduct that places another in imminent danger of serious bodily injury.

*Bell*, 693 S.W.2d at 438–39. The term "imminent" as used in the robbery statute,[2] refers to a present, not a future threat of bodily injury or death. *Devine v. State*, 786 S.W.2d 268, 270 (Tex.Crim.App.1989).

■ Section 1.07(a)(11) of the Texas Penal Code defines "deadly weapon" as "(A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or (B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." Here, Mr. Garcia said that "fear dawned" on him when appellant pointed the shotgun at him. He thought that it was a 12–gauge shotgun. He said that a weapon of that caliber "can go pretty far, can do pretty good damage" and that "nobody would be saved by being shot in the belly by a weapon of that size." We hold that the shotgun which appellant pointed at Mr. Garcia was a deadly weapon because the evidence showed that it was manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury. Appellant confronted Mr. Garcia face to face, pointed the shotgun at him, and threatened him by saying that she was going to get him if he did not obey her. This was a threat of harm to be inflicted immediately on Mr. Garcia had he failed to comply. Viewing the evidence in the light most favorable to the verdict, we hold that the evidence is sufficient to show that appellant threatened Mr. Garcia with immi-

nent bodily injury by the use of a deadly weapon. This is proof that appellant engaged in conduct that placed Mr. Garcia in imminent danger of serious bodily injury. *See Bell*, 693 S.W.2d at 438–39. *See and compare Devine*, 786 S.W.2d at 270–71.

■ By point two, appellant complains that the trial court erred in convicting her of reckless conduct because the State did not prove that the alleged offense occurred in the State of Texas, as alleged in the information. Rule 201(b) of the Texas Rules of Criminal Evidence provides that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Here, Mr. Garcia said that the alleged offense occurred in Goliad County. The fact that Goliad County is located within the State of Texas is something that is generally known within the territorial jurisdiction of the trial court. *See Leyva v. State*, 552 S.W.2d 158, 163 (Tex.Crim.App.1977) (The court took judicial notice that El Paso County was located in the State of Texas); Tex.R.Crim. Evid. 201(b)(1).

The trial court's judgment is AFFIRMED.

**2.** *See* Tex.Penal Code Ann. § 29.02(a)(2) (Vernon        1989).