No. 04-97-00769-CR



Frances Noreen ELDER,


Appellant



v.



The STATE of Texas,


Appellee



From the 198th Judicial District Court, Kimble County, Texas


Trial Court No. 97-806


Honorable Royal Hart, Judge Presiding



Opinion by: Paul W. Green, Justice

Concurring opinion by: Catherine Stone, Justice


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: April 7, 1999


REVERSED AND ACQUITTAL RENDERED


 Frances Elder lived with Bert Timms who was on probation for indecency with a
child. After Timms assaulted Elder's daughter, Elder was indicted with endangerment of a
child. A jury convicted Elder, and the trial court sentenced her to two years confinement,
probated for five years, plus twenty days in jail. On appeal, Elder contends there is no
evidence she placed her child in imminent danger. We agree. Accordingly, we reverse the
trial court's judgment and render a judgment of acquittal.

Background


 In 1993, Timms was placed on eight years deferred adjudication probation for
indecency with a sixteen-year-old child. His contact with children, other than the
complainant, was not restricted. In May 1996, Timms obtained custody of his two-year-old
son. In June, Timms moved in with Elder and her five children.

 In July, Timms's probation officer, Sean Finn, asked Elder to sign a release, which
stated:

 It has been explained to me ... that the Defendant Bert
Timms, has been placed on probation for the offense of
indecency. Furthermore, I understand that a condition of the
Court Order prohibits Bert Timms from having any contact with
any child, male or female, under eighteen (18) years of age,
unless in the presence of the child's parent, guardian, or
managing conservator and with the specific approval of the
parent, guardian, or managing conservator submitted in
writing... . Therefore, I, Frances Noreen Elder, am giving Bert
Timms permission to have contact with my children ... while
under my direct supervision. Therefore, I accept full
responsibility during such contact, and release the Community
Supervisions and Corrections Department, its agents, officers,
and employees from any and all liabilities that may arise from
such contact.


 I understand that if the Defendant, Bert Timms, engages
in any inappropriate sexual contact with my children ... that I
may be criminally responsible for facilitating that contact and
may be prosecuted.


Finn did not tell Elder he thought Timms was harmless; nor did he tell her there was a
possibility he might repeat his offense. On the other hand, Elder did not ask for additional
information.

 In January 1997, Elder's nine-year-old daughter alleged that Timms sexually assaulted
her. On February 11, Child Protective Services investigated the incident and obtained a
confession from Timms. Two days later Timms and Elder were indicted. Timms was tried
first and found guilty of attempted aggravated sexual assault of a child.

Discussion


 In her first point of error, Elder maintains there is no evidence she placed her child in
imminent danger. We agree.

 In reviewing legal sufficiency of the evidence, we view the evidence in the light most
favorable to the jury's verdict and ask whether any rational trier of fact could have found the
elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319
(1979). We consider all the evidence introduced, whether properly admitted or not. See
Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). Finally, we look at the
circumstances surrounding the offense objectively rather than subjectively. Herbst v. State,
941 S.W.2d 371, 373 (Tex. App.--Beaumont 1997, no pet.).

 As the jury was charged, the State was required to prove beyond a reasonable doubt
that Elder "intentionally or knowingly" placed her daughter "in imminent danger of bodily
injury or physical or mental impairment" by putting her "in a home environment which
included a known child molester." See Tex. Penal Code Ann. § 22.041(c) (Vernon 1994).
The word "imminent" means "ready to take place, near at hand, impending, hanging
threateningly over one's head, menacingly near." Devine v. State, 786 S.W.2d 268, 270 (Tex.
Crim. App. 1989); see also Garcia v. State, 819 S.W.2d 634, 636 (Tex. App.--Corpus
Christi 1991, no pet.) (defining "imminent" as present, not future, threat).

 The evidence, when viewed objectively and in the light most favorable to the verdict,
shows that Elder began living with Timms shortly after he obtained custody of his two-year-old son. Elder knew Timms was on probation for indecency with a child, and she signed a
release indicating she would supervise Timms's contact with her children. There is no
evidence that Timms posed a danger to children, other than the fact of his probation. There
is no evidence about Timms's relationship with Elder's daughter, nor is there any evidence
describing his assault on the child and what role, if any, Elder played in the circumstances
surrounding the incident. Finally, there is no expert testimony describing Timms as a
pedophile or alleging he could not be rehabilitated. From this scant evidence, no rational
juror could have found the element of imminent danger beyond a reasonable doubt. Cf.
Broussard v. State, 827 S.W.2d 619, 622 (Tex. App.--Corpus Christi 1992, no writ) (holding
that possibility of harm is not "imminent risk" for purposes of involuntary commitment).

Conclusion


 Essentially, the State urges us to hold that, as a matter of law, a parent cannot live with
a "known child molester" without putting her child in imminent danger. We decline the
State's invitation. Accordingly, we sustain Elder's first point of error. It is therefore
unnecessary to address her second point of error regarding use immunity. See Tex. R. App.
P. 47.1. We reverse the trial court's judgment and render a judgment of acquittal. See Tex.
R. App. P. 43.2(c).

 PAUL W. GREEN

 JUSTICE


PUBLISH


Return to
4th Court of Appeals Opinions