**Opinion filed August 1, 2024**



# In The

# Eleventh Court of Appeals

_____

## No. 11-23-00168-CR

_____

## JEREMY MARTINEZ, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 32nd District Court**
**Nolan County, Texas**
**Trial Court Cause Nos. 13798, 13802, 13804, & 13805**

## MEMORANDUM OPINION

Appellant, Jeremy Martinez, Jr., was indicted in separate cause numbers for the offenses of: (1) indecency with a child by contact, a second-degree felony; (2) indecency with a child by exposure (two offenses), third-degree felonies; and (3) continuous sexual abuse of a child under fourteen years of age, a first-degree felony.  TEX. PENAL CODE ANN. § 21.02(b), (h) (West Supp. 2023); § 21.11(a), (d)

(West 2019). These causes were consolidated for trial.[1] The jury convicted Appellant of each offense and assessed his punishment at imprisonment in the Institutional Division of the Texas Department of Criminal Justice for twenty years for the conviction for indecency with a child by contact, ten years for each conviction for indecency with a child by exposure, and life for the conviction for continuous sexual abuse of a young child. The trial court sentenced Appellant accordingly and ordered that the sentences be served concurrently.

Appellant raises two issues on appeal. He contends that we should reverse the trial court's judgments and order a judgment of acquittal for each conviction because there is insufficient evidence that (1) the State of Texas has territorial jurisdiction to decide these cases and (2) Nolan County is the county of proper venue for these prosecutions. We affirm.

## I. *Factual Background*

Because of the scope of these appeals, we only recite the facts that are necessary to address the issues that Appellant has raised on appeal.

At trial, the victim, J.M., described her home life and stated that, from the ages of four to fourteen, she lived with her grandparents, siblings, and Appellant at a residence on Alamo Street in Sweetwater, Texas. She explained that when she was fourteen, they moved to a residence on Poplar Street in Nolan County. J.M. testified that Appellant sexually abused her from the time that she was six until she outcried to her sister at age fourteen. J.M.'s cousin, A.M., also testified that Appellant sexually abused her each time that she stayed at her grandparents' home between the ages of eight to fourteen.

---

[1]Appellant appealed from each judgment of conviction, and they were originally docketed in our court as four separate appeals. However, pursuant to Appellant's request, our Cause Nos. 11-23-00169-CR, 11-23-00170-CR, and 11-23-00171-CR were consolidated into Cause No. 11-23-00168-CR for purposes of appeal.

The State also presented testimony from Cory Stroman, Assistant Chief of Police for the Sweetwater Police Department, Special Agent Michelle Wilson with the Texas Department of Public Safety Criminal Investigations Division, and SANE nurses Susie Striegler and Erica Gooding. Chief Stroman testified that he became the lead investigator for these cases after he received information from the Roscoe Police Department that, during their investigation of a custody dispute, there had been an outcry of potential sexual assault. During his investigation, Chief Stroman picked Appellant up from his residence on Alamo Street for an interview. Chief Stroman testified that most of the offenses were alleged to have been committed at that residence. Further, Chief Stroman notated in the requests that he submitted to Hendrick Medical Center in Abilene, Texas for J.M.'s and A.M.'s SANE exams, that the county where these sexual assaults had occurred was Nolan County.

During his interview with Special Agent Wilson, Appellant verified that the residence on Alamo Street was his residential address, and although he did not explicitly admit to the offenses for which he was charged, Appellant did admit that he had sexually abused J.M. and A.M. when they were minors. He specifically described one incident in which he sexually assaulted J.M. in her bedroom.

Striegler and Gooding recounted the histories that they noted during J.M.'s and A.M.'s SANE exams. Striegler testified that J.M. reported that she presented to the hospital because Appellant had touched her, that he was living with her at the time, and that he would have sex with her and touch her inappropriately when they were in his bedroom. Gooding testified that A.M. explained that Appellant had touched her inappropriately multiple times when she was at her grandmother's house while her grandparents were either working or outside.

Appellant's grandmother and the victims testified that she lives in a residence on Poplar Street and stated that this residence is located in Sweetwater, Texas.

3

## II. *Territorial Jurisdiction*

In Appellant's first issue, he asserts that the State did not adduce sufficient evidence to prove that the charged offenses occurred in Texas, which is necessary to establish the state's territorial jurisdiction to prosecute these offenses. *See* PENAL § 1.04(a)(1) (West 2021). Texas has jurisdiction to prosecute a criminal offense if the criminal conduct occurs within its territorial boundaries. *Id.*; *Lee v. State*, 537 S.W.3d 924, 926 (Tex. Crim. App. 2017). Jurisdiction can be proved by circumstantial evidence. *Vaughn v. State*, 607 S.W.2d 914, 920 (Tex. Crim. App. [Panel Op.] 1980); *Jessop v. State*, 368 S.W.3d 653, 666 (Tex. App.—Austin 2012, no pet.); *Gunter v. State*, 327 S.W.3d 797, 799–800 (Tex. App.—Fort Worth 2010, no pet.). We apply the *Vaughn* standard to determine whether a jury could have reasonably concluded that the criminal conduct occurred in the State of Texas. *Vaughn*, 607 S.W.2d at 919. Under this standard, we review all the evidence in the light most favorable to the verdict. *Id.*

Appellant argues that the State did not present any evidence to establish that the alleged acts of sexual abuse committed by him occurred in Texas or that Texas otherwise has territorial jurisdiction over these causes. We disagree. J.M. testified that the residences where she lived with her grandparents were located on Alamo Street in Sweetwater, Texas, and Poplar Street in Nolan County. The State presented evidence that acts of sexual abuse had occurred at the residence on Alamo Street where J.M. and Appellant resided with their grandparents.[2] J.M. testified that Appellant frequently abused her sexually as a child and she reported during her SANE exam that he was living with them at the time and would commit the acts of sexual abuse in his bedroom. A.M. also testified that Appellant abused her at their

---

[2]Appellant emphasizes that there were two homes where the sexual abuse committed against J.M. allegedly occurred: the residence on Alamo Street and the residence on Poplar Street. He notes that if these offenses were committed when J.M. was younger than fourteen, these offenses could only have been committed at the residence on Alamo Street, because she lived there until she attained the age of fourteen.

grandparents' house on Alamo Street when their grandparents were not home, and the grandmother confirmed that there were many times that Appellant was alone with the children. In fact, Appellant even conceded during his interview with Special Agent Wilson that an instance of sexual abuse occurred at the residence on Alamo Street. Additionally, Chief Stroman testified that most of the charged offenses were alleged to have been committed at the residence on Alamo Street and he noted on the SANE exam request forms he submitted that the county where the sexual abuse had occurred was Nolan County.

Appellant argues that while J.M. testified that the residence on Poplar Street is located in Nolan County, she never testified that this house is also located in Texas. Although J.M. did not specifically indicate that this residence is located in Texas, medical records admitted by the trial court state that J.M.'s residence was on Poplar Street in Sweetwater, Texas. The grandmother also confirmed that the Poplar Street residence is located in Texas.

Viewing the evidence in the light most favorable to the jury's verdicts, we conclude that the record before us contains sufficient evidence from which a rational jury could have reasonably concluded that the charged criminal conduct occurred in Texas. *See Vaughn*, 607 S.W.2d at 919. Contrary to Appellant's assertion, the evidence—which shows that the offenses occurred in Sweetwater, Nolan County, Texas—is sufficient to establish territorial jurisdiction in Texas. Accordingly, we overrule Appellant's first issue on appeal.

## III. *Venue*

In Appellant's second issue, he asserts that the State did not adduce sufficient evidence to prove that venue for the prosecution of the charged offenses was proper in Nolan County.

Despite Appellant labeling his venue complaint as a challenge to the sufficiency of the evidence, venue is not an element of any criminal offense, and the

State's failure to prove it does not implicate sufficiency of the evidence concerns or require that an acquittal be ordered under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Schmutz v. State*, 440 S.W.3d 29, 35 (Tex. Crim. App. 2014); *Foster v. State*, No. 11-21-00175-CR, 2022 WL 5237134, at *2 (Tex. App.—Eastland Oct. 6, 2022, pet. ref'd) (mem. op., not designated for publication). Instead, when a party raises a venue challenge on appeal, the Texas Rules of Appellate Procedure require appellate courts to presume that venue was proven unless it is "disputed in the trial court" or "the record affirmatively shows the contrary." TEX. R. APP. P. 44.2(c)(1); *see Schmutz*, 440 S.W.3d at 35. Venue need only be proven by a preponderance of the evidence. TEX. CODE CRIM. PROC. ANN. art. 13.17 (West 2015); *Fairfield v. State*, 610 S.W.2d 771, 779 (Tex. Crim. App. [Panel Op.] 1981). Further, venue may be proven by direct or circumstantial evidence, and the factfinder may make reasonable inferences from the evidence. *Cox v. State*, 497 S.W.3d 42, 56 (Tex. App.—Fort Worth 2016, pet. ref'd.).

Here, Appellant did not contest or object to Nolan County being the county of proper venue for these prosecutions in the trial court. Therefore, we presume that venue was proven in the trial court unless the record affirmatively shows otherwise. *See* TEX. R. APP. P. 44.2(c)(1). For the charged offenses in these cases, venue is proper in the county in which: (1) any element of the offense was committed, (2) the defendant is apprehended, (3) the victim resides, or (4) the defendant resides. CRIM. PROC. art. 13.075.

Appellant asserts that the totality of the evidence presented is insufficient to support the determination that the alleged acts of sexual abuse committed by him occurred in Nolan County. However, we have already concluded, as noted above, that the State adduced sufficient evidence that the sexual abuse committed by Appellant occurred at the victims' grandparents' residence in Sweetwater, Texas, where Appellant and J.M. resided. Despite this, Appellant argues that, although the

State adduced evidence that this residence is located on Alamo Street in Sweetwater, Texas, it did not prove that Sweetwater, Texas is situated in Nolan County, Texas.

We may take judicial notice of an adjudicative fact that is not subject to reasonable dispute if it can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned. TEX. R. EVID. 201(b)(2); *see Barton v. State*, 948 S.W.2d 364, 365 (Tex. App.—Fort Worth 1997, no pet.) (per curiam) (appellate courts may take judicial notice of geographical facts because they are "easily ascertainable and capable of verifiable certainty"). We may do so sua sponte or if a party requests it; we may also do so for the first time on appeal. TEX. R. EVID. 201(c); *Granados v. State*, 843 S.W.2d 736, 738 (Tex. App.—Corpus Christi–Edinburg 1992, no pet.). In this regard, we take judicial notice, as we have before, that the City of Sweetwater, Texas is situated in Nolan County, Texas. *Leyva v. State*, 552 S.W.2d 158, 163 (Tex. Crim. App. 1977) (judicial notice taken that El Paso County is situated in Texas); *Williams v. State*, 924 S.W.2d 189, 191–92 (Tex. App.—Eastland 1996, pet. ref'd) (taking judicial notice that a particular location in the City of Sweetwater, where the offense occurred, was situated in Nolan County, Texas); *Sixta v. State*, 875 S.W.2d 17, 18 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd) (holding that the court may take judicial notice of the fact that the City of Houston is situated in Harris County, Texas); *Garcia v. State*, 819 S.W.2d 634, 636 (Tex. App.—Corpus Christi–Edinburg 1991, no pet.) (judicial notice taken sua sponte that Goliad County is situated in Texas).

The record shows that the victims and Appellant all resided in Nolan County when the acts of sexual abuse occurred. J.M. testified that she lived on Poplar Street in Nolan County. Appellant confirmed that he resided on Alamo Street in his interview with Special Agent Wilson, and Chief Stroman testified that he picked up Appellant for an interview from Appellant's residence on Alamo Street.

Further, Appellant has failed to show that the record affirmatively (1) negates the State's proof of venue or (2) establishes that proper venue for these prosecutions exists in a county other than Nolan County. Therefore, we presume that the State sufficiently proved that Nolan County is the county of proper venue for these prosecutions. *See* TEX. R. APP. P. 44.2(c)(1). Accordingly, we overrule Appellant's second issue on appeal.

IV. *This Court's Ruling*

We affirm the judgments of the trial court.


W. STACY TROTTER

JUSTICE


August 1, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.