

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-09-00315-CR

BILL GUNTER                                                    APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

## OPINION

------------

In four points that challenge the sufficiency of the evidence to convict him and the trial court's alleged failure to give a limiting instruction in the guilt-phase jury charge about an extraneous offense, appellant Bill Gunter appeals his conviction for driving while intoxicated (DWI).[1] We affirm.

---

[1]*See* Tex. Penal Code Ann. § 49.04 (Vernon 2003). To enhance appellant's punishment range, appellant's indictment alleged that he had three prior DWI convictions. *See id.* § 49.09(b)(2) (Vernon Supp. 2010).

**Background Facts**

In December 2008, Fort Worth Police Department Officer Joshua Caprio received a call about a motorcycle accident that had occurred near a gas station parking lot in Tarrant County. When Officer Caprio arrived at the scene, he saw appellant, who was alone, smelled like alcohol, had bloodshot eyes, and was staggering while trying to pick up the motorcycle. According to Officer Caprio, appellant said that he had been at a bar called The Red Barn, that he had drunk four beers, and that he was driving the motorcycle home before he hit a slick spot and crashed. Officer Caprio gave appellant a horizontal-gaze-nystagmus test, which appellant failed by showing the maximum amount of clues for intoxication. Officer Caprio arrested appellant.

At the jail, appellant told Fort Worth Police Department Officer Renee Frias that he had been drinking and driving that day. Appellant treated some of his bloody scrapes and breathed twice into an intoxilyzer machine, which registered his alcohol concentration at more than twice the legal limit.

A grand jury indicted appellant for DWI. At trial, appellant pled not guilty, but the jury found him guilty and assessed his punishment at fifteen years' confinement. Appellant filed his notice of appeal.

**Evidentiary Sufficiency**

In reviewing the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).[2] This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778.

The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075 (2009). Thus, when performing a sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1131 (2000). We must presume that the factfinder resolved any conflicting inferences in favor of the prosecution and defer to that resolution. *Clayton*, 235 S.W.3d at 778.

---

[2]After the briefing and submission of this case, the court of criminal appeals held that there is "no meaningful distinction between the . . . legal-sufficiency standard and the . . . factual-sufficiency standard, and these two standards have become indistinguishable." *Brooks v. State*, PD-0210-09, 2010 WL 3894613, at *8 (Tex. Crim. App. Oct. 6, 2010). Thus, the *Jackson* standard is the "only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. All other cases to the contrary . . . are overruled." *Id.* at *14. Accordingly, we apply the *Jackson* standard of review to appellant's sufficiency complaints.

In his first two points, appellant contends that the evidence is insufficient to show that his DWI offense occurred in Texas.[3] Texas has jurisdiction over an offense if the conduct comprising the offense occurs inside this state. Tex. Penal Code Ann. § 1.04(a)(1) (Vernon 2003); *Torres v. State*, 141 S.W.3d 645, 654 (Tex. App.—El Paso 2004, pet. ref'd); *St. Julian v. State*, 132 S.W.3d 512, 515 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) ("The State may prosecute only those crimes that occur within or directly affect the state."). "[J]urisdiction, like any other requisite of an offense, can be proven circumstantially." *Vaughn v. State*, 607 S.W.2d 914, 920 (Tex. Crim. App. [Panel Op.] 1980); *see Walker v. State,* 195 S.W.3d 250, 257–58 (Tex. App.—San Antonio 2006, no pet.) ("Walker's house, where the offense occurred, is . . . in Guadalupe County; . . . and Payne is the constable for Precinct 3 in Guadalupe County and as such is a certified peace officer for the State of Texas. This evidence is sufficient to meet the State's burden."); *James v. State*, 89 S.W.3d 86, 89 (Tex. App.—Corpus Christi 2002, no pet.) (holding that evidence that the offense occurred in the city of Beaumont and Jefferson County was sufficient to circumstantially establish jurisdiction in Texas); *Hewitt v. State*, 734 S.W.2d 745, 747 (Tex. App.—Fort Worth 1987, pet. ref'd) (holding similarly).

---

[3]The trial court's charge instructed the jury that to convict appellant, it had to find that he operated a motor vehicle while intoxicated in "Tarrant County, Texas."

Officer Caprio testified that he works for the Fort Worth Police Department, that he responded to an accident in Tarrant County, and that he took appellant to the Tarrant County jail. Officer Frias affirmed that he is a certified peace officer in Texas and that he works for the Fort Worth Police Department. The jury also heard testimony from a senior forensic chemist who works for the Tarrant County Medical Examiner's Office. One of the witnesses that appellant called said that he had lived in Tarrant County since 1993. Another witness called by appellant said that he lived on "McCullum Street in Fort Worth." Finally, the record does not contain any evidence indicating that the offense occurred outside of Texas.

Viewing the evidence in the light most favorable to the verdict, we hold that these references and the other references in the record to Fort Worth and Tarrant County comprise sufficient circumstantial evidence for the jury to implicitly find that appellant's DWI offense occurred in Texas. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778. Thus, we overrule appellant's first two points.

In appellant's third point, he contends that the evidence is insufficient to prove that he operated a motor vehicle. A person commits DWI when the person "is intoxicated while operating a motor vehicle in a public place." Tex. Penal Code Ann. § 49.04(a). The penal code does not define "operating." *See id.*; *Denton v. State*, 911 S.W.2d 388, 389 (Tex. Crim. App. 1995). "However, the court of criminal appeals has held that, to find operation of a motor vehicle, 'the totality of the circumstances must demonstrate that the defendant took action to

5

affect the functioning of his vehicle that would enable the vehicle's use.'" *Dornbusch v. State*, 262 S.W.3d 432, 436 (Tex. App.—Fort Worth 2008, no pet.) (quoting *Denton*, 911 S.W.2d at 390). Thus, "any action that is more than mere preparation toward operating the vehicle" qualifies as "operating" for DWI. *Id.* at 436.

Appellant presented evidence that, if believed by the jury, would show that he did not operate the motorcycle. Specifically, appellant called three witnesses who collectively testified that appellant did not drive the motorcycle away from The Red Barn on the day in question but instead got into Mitchell McClendon's blue truck before McClendon drove away from the bar while someone else drove appellant's motorcycle in front of the truck and eventually crashed it. Appellant's witnesses said that after the motorcycle crashed, appellant stayed with it while McClendon went to get a motorcycle ramp. According to McClendon, while he was getting the ramp, the police arrived and saw appellant near the motorcycle.

The three witnesses' testimony seems to be supported by the testimony of Melissa Melon, an employee of a convenience store located near where the police arrested appellant, and by Donna Ford, an employee of The Red Barn. Melon said that while she was using the store's register on the day in question, she noticed a motorcycle in a street and saw three men trying to take it to a parking lot. She said that after helping some customers, she looked out of the store again and saw one of the men by himself. Melon admitted that she did not know who had been driving the motorcycle.

6

Ford said that she saw appellant call someone named "Mitchell or something to that effect" to pick him up from the bar and that appellant was so drunk that he "wouldn't have been able to get on that bike without falling over on it." She testified that there "would have been laughter" if appellant would have tried to get on the motorcycle.

However, in contrast to the testimony given by the witnesses that appellant called, the State provided testimony from two officers who said that appellant told them that he had been driving the motorcycle home from the bar before he crashed it. Officer Frias also said that appellant's arm was injured and looked like it had a "road rash," which supports the State's theory that he crashed the motorcycle.

In our sufficiency review, we must defer to the jury's resolution of conflicting evidence. *Clayton*, 235 S.W.3d at 778. Viewing the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have found that appellant operated a vehicle; the evidence is therefore sufficient to support his conviction. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778. We overrule appellant's third point.

**Extraneous Offense Instruction**

In his fourth point, appellant argues that the trial court erred by not giving a limiting instruction in its guilt-phase jury charge about an extraneous offense. He alleges that during a conversation that was recorded by a video taken from a camera in a patrol car, one officer told another officer that appellant had an illegal

7

knife. Appellant contends that "[e]ven absent an objection by Appellant's counsel, the trial court should have included a section in the jury charge instructing the jury that they could consider the evidence of the extraneous offense only for a limited purpose, and then only if they found the evidence beyond a reasonable doubt."

However, the court of criminal appeals has held,

[I]f a defendant does not request a limiting instruction . . . at the time that evidence is admitted, then the trial judge has no obligation to limit the use of that evidence later in the jury charge. This doctrine is a sensible one because otherwise a jury might sit through most of a trial under the mistaken belief that certain evidence is admissible for all purposes when, in fact, it is not. Once evidence has been admitted without a limiting instruction, it is part of the general evidence and may be used for all purposes. . . . Taking the cases together, then, a limiting instruction concerning the use of extraneous offense evidence should be requested, and given, in the guilt-stage jury charge only if the defendant requested a limiting instruction at the time the evidence was first admitted.

. . . .

. . . Because the trial judge had no duty to give *any* limiting instruction concerning the use of an extraneous offense in the guilt-phase jury charge, it naturally follows that he had no duty to instruct the jury on the burden of proof concerning an extraneous offense.

*Delgado v. State*, 235 S.W.3d 244, 251, 254 (Tex. Crim. App. 2007) (footnotes and citations omitted). Based on *Delgado*, we have held that a defendant forfeited his complaint on appeal about a lack of a limiting instruction in a jury charge when the defendant did not request the instruction at the time that the evidence was admitted. *Smith v. State*, 316 S.W.3d 688, 700 (Tex. App.—Fort

8

Worth 2010, pet. ref'd); *see Martin v. State*, 176 S.W.3d 887, 899 (Tex. App.—Fort Worth 2005, no pet.).

Because the evidence that contains the "illegal knife" comment—State's Exhibit 2—was admitted at trial without a request for a limiting instruction by appellant, we hold, under *Delgado*, that appellant has forfeited his complaint on appeal about the lack of such an instruction in the guilt-phase jury charge. *See Delgado*, 235 S.W.3d at 251, 254. We overrule appellant's fourth point.

## Conclusion

Having overruled all of appellant's points, we affirm the trial court's judgment.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

PUBLISH

DELIVERED: October 21, 2010