

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00437-CR

MATTHEW R. BRODERICK                                                      APPELLANT

V.

THE STATE OF TEXAS                                                             STATE

----------

FROM COUNTY CRIMINAL COURT NO. 1 OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In one issue, appellant Matthew R. Broderick appeals his conviction for assault-family violence.[2]  We affirm.

---

[1]See Tex. R. App. P. 47.4.

[2]See Tex. Penal Code Ann. § 22.01(a)(1), (b)(2) (West 2011).

## Background Facts[3]

Appellant and his wife, Natasha, are each from Canada, but they began living in Texas with Natasha's two children prior to October 2011. By October 2011, appellant wanted a divorce. One early morning that month, after drinking alcohol at a bar, he came home intoxicated. Natasha called 911 because she did not want appellant to drive again that night. Two officers from the Flower Mound Police Department responded to the call.

Eventually, the officers asked Natasha if appellant had ever assaulted her. She told the officers that appellant had assaulted her one week earlier, on September 25, 2011. The officers took photos of bruises on both of Natasha's arms and her left leg.

In addition, Natasha completed a written statement in which she described the events of September 25. The last question on the statement asked whether any property was damaged during the September 25 assault, and Natasha wrote, "Not this time." The State subsequently charged appellant with committing assault-family violence by pushing, grabbing, throwing, holding, striking, or headbutting Natasha.

Appellant pled not guilty. Before trial, his retained counsel urged a motion in limine, asking the trial court to instruct the State to approach the bench before

---

[3]Because appellant does not challenge the sufficiency of the evidence supporting his conviction, we will only briefly summarize the facts related to his assault-family violence charge.

referring to, among other matters, Natasha's written statement. The trial court granted the motion.

During the trial, the State sought admission of the written statement as State's Exhibit No. 10 (Exhibit 10). Appellant initially objected, arguing that if the trial court admitted the exhibit, the State would "be violating previous rulings of the [c]ourt." The trial court sustained the objection. Later, after the close of all testimony, based on an "agreement between the parties," the trial court admitted Exhibit 10. Appellant's counsel stated that he had no objection to Exhibit 10 being admitted as long as the "court's prior rulings appl[ied]" to the evidence, but the trial court did not expressly limit the use of Exhibit 10 or establish on the record that any previous rulings applied to its admission. Toward the end of the State's closing argument, appellant's counsel objected when the State referred to Natasha's answer to the last question in Exhibit 10, which was that appellant had not damaged any property "this time." The trial court overruled the objection.

After hearing all of the evidence and arguments from the parties, a jury found appellant guilty. The trial court assessed his punishment at ninety days' confinement, suspended the imposition of that sentence, and placed him on community supervision for 364 days. Appellant brought this appeal.

### The Propriety of the State's Closing Argument

In his sole issue, appellant contends that the trial court erred by allowing the State to argue "outside of the record and in violation of the court's prior

3

rulings" during its closing argument.[4]  Specifically, he appears to argue that the trial court admitted Exhibit 10 subject to its earlier ruling on his motion in limine pertaining to extraneous offenses and prior bad acts.  Therefore, he contends that the State injected new and harmful facts into evidence during its closing argument when it referred to Natasha's answer to the last question in Exhibit 10—that he had not damaged property "this time."

To be permissible, the State's jury argument must fall within one of the following four general areas: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to argument of opposing counsel, or (4) plea for law enforcement.  *Felder v. State*, 848 S.W.2d 85, 94–95 (Tex. Crim. App. 1992), *cert. denied*, 510 U.S. 829 (1993); *Marchbanks v. State*, 341 S.W.3d 559, 564–65 (Tex. App.—Fort Worth 2011, no pet.).  The State's complained-of argument certainly qualifies as a summation of evidence because it was a verbatim restatement of information contained in Exhibit 10, which the trial court admitted through the agreement of the parties.  Therefore, we will analyze whether Exhibit 10 was admitted in its entirety or was confined to a limited purpose.

---

[4]The State contends that appellant did not preserve error, focusing on the content of his objections to the admission of Exhibit 10 before closing argument. But appellant does not challenge the admission of Exhibit 10; instead, he challenges only the State's closing argument related to that exhibit.  We conclude that appellant preserved his complaint for our review by making an objection during the State's closing argument on which the trial court made a contemporaneous, explicit ruling.  *See* Tex. R. App. P. 33.1(a); *Smith v. State*, 316 S.W.3d 688, 698 (Tex. App.—Fort Worth 2010, pet. ref'd).

Rule of evidence 105(a) provides that "[w]hen evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly." Tex. R. Evid. 105(a). The party opposing evidence or seeking a limitation on its use has the burden of requesting a limiting instruction at the introduction of the evidence. *Hammock v. State*, 46 S.W.3d 889, 892, 894–95 (Tex. Crim. App. 2001). Further, if a limiting instruction is to be effective, it must be given when the evidence is admitted. *See id.*; *Delgado v. State*, 235 S.W.3d 244, 251 (Tex. Crim. App. 2007). Once evidence is received without a limiting instruction, it becomes part of the general evidence and may be used for all purposes. *See Gunter v. State*, 327 S.W.3d 797, 801 (Tex. App.—Fort Worth 2010, no pet.); *Martin v. State*, 176 S.W.3d 887, 899 (Tex. App.—Fort Worth 2005, no pet.).

To illustrate, in *Henriquez v. State*, Henriquez appealed his conviction for continuous sexual abuse of a child or children under fourteen years old. No. 02-10-00077-CR, 2011 WL 2119679, at *1 (Tex. App.—Fort Worth May 26, 2011, pet. ref'd) (mem. op., not designated for publication). Henriquez argued that the trial court had erred by refusing to give an instruction limiting the jury's use of certain testimony to impeachment purposes only. *Id.* at *5. Although Henriquez's counsel had objected to the testimony at issue, counsel had not requested a limiting instruction when the trial court had overruled his objection and had admitted the testimony into evidence. *Id.* Therefore, we held that the

evidence had been admitted for all purposes. *Id.* As such, the trial court was not obligated to include a limiting instruction in the jury charge. *Id.*

Similarly, here, appellant's counsel did not request a limiting instruction when Exhibit 10 was admitted, nor did counsel ask the trial court to redact any part of the exhibit.[5] Instead, counsel stated, "[W]ith the [c]ourt's . . . prior rulings applying to State's Exhibit 10, we have no objection." However, even if we could assume that the trial court tacitly agreed to apply its "prior rulings" to the admission of Exhibit 10, the trial court's grant of appellant's motion in limine did not nullify his obligation to request a limiting instruction when evidence that may have violated the motion was introduced. *See Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008) ("A motion *in limine* . . . is a preliminary matter and normally preserves nothing for appellate review. For error to be preserved with regard to the subject of a motion *in limine*, an objection must be made at the time the subject is raised during trial.") (footnote omitted), *cert. denied*, 555 U.S. 1105 (2009); *Webb v. State*, 760 S.W.2d 263, 275 (Tex. Crim. App. 1988) (holding that although a defendant had filed a motion in limine, he had the burden "of requesting a correct limiting instruction"), *cert. denied*, 491 U.S. 910 (1989). Because no limiting instruction or redaction was requested, Exhibit 10 was

---

[5]We note that appellant's counsel initiated a thorough discussion of redaction to avoid violating either party's motion in limine when he introduced Natasha's medical records. If appellant desired to make certain that insinuations as to extraneous offenses would not come before the jury, he could have been just as specific with his concerns about Exhibit 10.

admitted for all purposes despite counsel's reference to the motion in limine. *See Gunter*, 327 S.W.3d at 801–02; *Martin*, 176 S.W.3d at 899; *see also Klein v. State*, 273 S.W.3d 297, 318 (Tex. Crim. App. 2008) ("With this evidence coming in without objection or limitation, it became part of the general evidence in the case, and the jury could have used it for any purpose.").

*Jones v. State* demonstrates that summation of the evidence is a valid purpose for which evidence admitted in its entirety can be used. No. 09-96-00400-CR, 1998 WL 428876, at *4 (Tex. App.—Beaumont, July 29, 1998, no pet.) (not designated for publication). Jones argued that the trial court had erred by allowing improper jury argument about the contents of a purse that were allegedly not admitted into evidence. *Id.* The court of appeals, however, disagreed because a witness had testified about the contents of the purse without objection during trial. *Id.* Because no limiting instruction was requested at that point, the court reasoned that the purse could be "used as proof to the full extent of its rational persuasive power." *Id.* Therefore, comments about the contents of the purse during jury argument were proper as summations of evidence. *Id.*

Similarly, here, appellant argues that the trial court erred by allowing the State to argue outside the record. During closing argument, the State discussed Exhibit 10 by stating, "And then finally, there's an interesting little note here: [']Was there damage to any property, wall, phone, furniture, etc.? Not this time.[']" This statement was a proper summation of the evidence because

7

appellant, like the appellant in *Jones*, failed to request a limiting instruction at the proper time or to otherwise seek to exclude or redact the part of Exhibit 10 that the State discussed in its closing argument. *See id.*; *see also Vega v. State*, No. 04-07-00890-CR, 2009 WL 1617670, at *3 (Tex. App.—San Antonio June 10, 2009, no pet.) (mem. op., not designated for publication) ("When the State cross-examined Vega, it asked him about his prior felony conviction for burglary. Vega's counsel did not request a limiting instruction . . . . Accordingly, the conviction was before the jury for all purposes, and the State's reference to the conviction was not improper argument."); *Minor v. State*, No. 14-99-01139-CR, 2000 WL 1638468, at *2 (Tex. App.—Houston [14th Dist.] Nov. 2, 2000, pet. ref'd) (not designated for publication) ("[B]ecause the evidence could be considered by the jury for all purposes, . . . any argument that the jury do so was not objectionable.").

For these reasons, we hold that the trial court did not err by overruling appellant's objection to the State's closing argument about Exhibit 10. We overrule appellant's only issue.

8

**Conclusion**

Having overruled appellant's sole issue, we affirm the trial court's judgment.

                                        TERRIE LIVINGSTON
                                        CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; MCCOY and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 11, 2013