

FILED
*April 27, 2015*
Third Court of Appeals
Jeffrey D. Kyle
Clerk

ACCEPTED
03-14-00483-CR
5033338
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/27/2015 12:00:00 AM
JEFFREY D. KYLE
CLERK

No. 03-14-00483-CR

---

IN THE COURT OF APPEALS FOR THE
THIRD DISTRICT OF TEXAS
AUSTIN

---

*Terry Lynn Stevens*

Appellant

*v.*

*The State of Texas*

Appellee

---

**BRIEF OF APPELLANT
TERRY LYNN STEVENS**

---

TRACY D. CLUCK
Texas Bar No. 00787254
1450 West Highway 290, #855
Dripping Springs, TX  78620
Telephone:  512-264-9997
E-Fax:       509-355-1867
tracy@tracyclucklawyer.com

ATTORNEY FOR APPELLANT
TERRY LYNN STEVENS

**ORAL ARGUMENT REQUESTED**

## IDENTITY OF PARTIES AND COUNSEL

The following is a list of all parties to this appeal and the names and addresses of those parties' counsel:

| APPELLANT/DEFENDANT | COUNSEL FOR APPELLANT |
|---|---|
| Terry Lynn Stevens | Tracy D. Cluck<br>1450 West Highway 290, #855<br>Dripping Springs, TX  78620<br>tracy@tracyclucklawyer.com |

| APPELLEE/STATE | COUNSEL FOR APPELLEE/STATE |
|---|---|
| State of Texas, District Attorney's Office of the 424th & 33rd Judicial District | Wiley B. McAfee, D.A.<br>Gary Bunyard, Asst. D.A.<br>g.bunyard@co.llano.tx.us |

**Trial Court:**    The Honorable Dan Mills
424th Judicial District Court Judge
Burnet County, Texas

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL…………………………………..............2

TABLE OF CONTENTS…………………………………………………………3

TABLE OF AUTHORITIES…………………………………………………..…..5

ISSUES PRESENTED…………………………………………...........8

STATEMENT OF FACTS……………………………………………………………9

STATEMENT OF THE CASE……………………………………12

SUMMARY OF THE ARGUMENT……………………………………………………12

ARGUMENT…………………………………………………………14

    I.    The trial court erred by overruling Appellant's motion to suppress blood evidence results based on deficiencies in the blood-draw warrant……………………………….14

        A.    Standard of Review………………………………14

        B.    Argument………………………………………...15

    II.    The evidence with respect to the Driving While Intoxicated element of "operation" was insufficient to support a finding of guilt by the jury……………………………20

        A.    Standard of Review………………………………20

        B.    Argument…………………………………………20

III.   The trial court erred by allowing into evidence tapes of Appellant's phone conversations from jail without conducting a balancing test in light of Appellant's Rule 403 objection……………………………………………25

    A.   Standard of Review………………………………25

    B.   Argument…………………………………………25

CONCLUSION AND PRAYER…………………………………..28

CERTIFICATE OF SERVICE……………………………………29

CERTIFICATE OF WORD COUNT………………………………..29

# TABLE OF AUTHORITIES

**CASES**                                              **Page**

*Clayton v. State,* 235 S.W.3d 772
(Tex.Crim.App. 2007)……………………………….20

*Crider v. State,* 352 S.W.3d 704
(Tex.Crim.App. 2011)……………………………….18

*Denton v. State*, 911 S.W.2d 388
(Tex.Crim.App. 1995)……………………………….21

*Dornbusch v. State*, 262 S.W.3d 432
(Tex.App.—Fort Worth 2008, *no pet.*)………………21

*Farhat v. State,* 337 S.W.3d 302
(Tex.App.—Fort Worth 2011, *pet. ref'd*)……………16

*Gigliobianco v. State*, 210 S.W.3d 637
(Tex.Crim.App. 2006)……………………………..26,27

*Gunter v. State*, 327 S.W.3d 797
(Tex.App.—Fort Worth 2010, *no pet.*)……………20,21

*Guzman v. State,* 955 S.W.2d 85
(Tex.Crim.App. 1997)……………………………….14

*Illinois v. Gates*, 462 U.S. 213 (1983)………………......17

*Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781,
61 L.Ed.2d 560 (1979)……………………………..20

*Lassaint v. State*, 79 S.W.3d 736
(Tex.App.—Corpus Christi 2002, *no pet.*)……………20

*Martinez v. State*, 327 S.W.3d 727
(Tex.Crim.App. 2010)……………………………….25

*Martinez v. State,* 348 S.W.3d 919
(Tex.Crim.App. 2011)…………………………………..14

*Mitchell v. United States*, 526 U.S. 314, 119 S.Ct. 1307,
143 L.Ed.2d 424 (1999)………………………………25

*Montgomery v. State*, 810 S.W.2d 372
(Tex.Crim.App. 1990)………………………….25,26,27

*Mozon v. State*, 991 S.W.2d 841
(Tex.Crim.App. 1999)…………………………….26,27

*State v. Dixon*, 206 S.W.3d 587
(Tex.Crim.App. 2006)…………………………………..14

*State v. Jordan*, 342 S.W.3d 565
(Tex.Crim.App. 2011)…………………………….17,18

*State v. Kelly*, 204 S.W.3d 808
(Tex.Crim.App. 2006)…………………………...14,15

*State v. McLain*, 337 S.W.3d 268
(Tex.Crim.App. 2011)…………………………………17

*State v. Robinson*, 334 S.W.3d 776
(Tex.Crim.App. 2011)…………………………….....14

*Taylor v. State*, 268 S.W.3d 571
(Tex.Crim.App. 2008)………………………………26,27

*Tijerina v. State*, 334 S.W.3d 825
(Tex.App.—Amarillo 2011, *pet. ref'd*)…………15,19,20

## CONSTITUTIONS

U. S. Const.
am. IV……………………………………………..19
am. V………………………………………………..25
am. VI……………………………………………….25
am. XIV…………………………………………19,25

6

Tex. Const.
  art. 1, sec. 9…………………………………………19
  art. 1, sec. 10…………………………………………..25
  art. 1, sec. 15………………………………………….25
  art. 1, sec. 19………………………………………….25

## STATUTES & RULES

Tex. Code Crim. Pro art. 18.01……..…………………….16,19

Tex. Penal Code §49.04(a)..…………………………….9,11,12

Tex. Penal Code §49.09(b)…………………....13,16,20,21,23,24

Tex. R. App. P. 44.2(a)………………………..20,25,26,28

Tex. R. Crim. Evid. R.403……………………………..13,26,27

# ISSUES PRESENTED

1. Whether the trial court erred by denying Appellant's motion to suppress blood evidence results based on deficiencies in the blood-draw warrant.

2. Whether the evidence with respect to the Driving While Intoxicated element of "operation" was insufficient to support a finding of guilt by the jury.

3. Whether the trial court erred by allowing into evidence tapes of Appellant's phone conversations from jail without conducting a balancing test in light of Appellant's Rule 403 objection.

TO THE HONORABLE COURT OF APPEALS:

Appellant Terry Lynn Stevens respectfully submits this his brief in support of his appeal from the jury's verdict of guilt and the sentence given him by the jury. The parties will be referred to by name or by their designation in the appeals court.

The Clerk's Record will be cited by page number as "Tr._____ [page #]." The Court Reporter's Record will be cited by volume and page number as "R—Vol. ___[volume #], pg.____[page number], and where necessary, L. [#]___[line number].

## STATEMENT OF THE FACTS

Appellant was charged with Driving While Intoxicated, 3rd or more, habitual. Tex. Penal Code §49.09(b). Tr. 4. This charge arose from events at the entrance to an apartment complex in Burnet County, Texas on or about May 9, 2013. R.—Vol. 3, pp. 29-47. On the evening in question, Socorro McCrum, a resident of the apartment complex noticed two vehicles at the gated entrance to the complex. *Id.* at 38-40. One of the vehicles, a white pick-up truck, rolled backward into a fence. Id. Ms. McCrum went inside her apartment and called police. *Id*. She did not give a description of the driver because she could not see who was driving the white truck. *Id*. at 39, 41-42.

Ms. McCrum stayed inside her apartment until Ofc. Boucher of the Marble Falls P.D. arrived five minutes later. *Id*. at 41, 43-44, 50. During this time she did not observe the pick-up or its occupants. *Id*.

Ofc. Boucher drove into the complex looking for the right gate. *Id.* at 50-51. He noticed a white Ford truck parked in the lot but could not see who was inside the truck. *Id.* at 51. He parked facing the front of the truck and observed Appellant exit the driver's side and stand next to the door. *Id*. at 54. Ofc. Boucher did not observe any operation of the vehicle by Appellant nor did Ms. McCrum. *Id*. at 80. After conducting field sobriety tests, Ofc. Boucher arrested Appellant for the offense of Driving While Intoxicated and began the process of obtaining a blood-draw warrant. *Id*. at 57, 73. Ofc. Boucher submitted an affidavit seeking a blood draw warrant to Meadow Lakes Judge Don Adams. R.—Vol. 3, p. 73. The affidavit did not contain any facts regarding the operation of a motor vehicle, but rather only conclusions. R.—Vol. 6, p. 104. A blood draw was obtained from Appellant pursuant to the warrant. R.—Vol. 3, p. 73.

At trial, Appellant objected to the admission of blood test results and moved to suppress them based in the deficiencies in the affidavit. R.—Vol. 3,

pp. 78-79. This was denied by the trial court and evidence of Appellant's blood alcohol level in excess of the statutory maximum of .08 was allowed into evidence. *Id*. The jury was charged on both the loss of normal use and blood alcohol of .08 or more as bases for finding guilt. Tr. 27.

Appellant's phone calls at the Burnet County Jail were recorded. R.—Vol. 4, pp.12-17. During those phone calls he may have made certain admissions (which are not in the record provided to appellate counsel) regarding the operation of the vehicle (among other admissions). See R.—Vol. 4, pp.5-6. Appellant objected to the admission of this evidence under Rule 403 of the Texas Rules of Criminal Evidence, but this objection was overruled by the trial court without conducting a balancing test. R.—Vol.4, pp. 5-7, 17-18. Appellant did not testify at the guilt/innocence phase of his trial, but he did testify at the punishment phase of his trial making admissions regarding the operation of the motor vehicle and the enhancement paragraphs of the indictment. R.—Vol. 5, pp. 45-66.

The jury found Appellant guilty of the offense of Driving While Intoxicated, 3rd or more habitual, as set out in the indictment. Tex. Penal Code §49.09(b); R.—Vol. 4, p. 49; Tr. 33. After a punishment trial, the jury

11

assessed a sentence of Life. R.—Vol. 5, p. 85; Tr. 42. This appeal follows. Tr. 47-52.

## STATEMENT OF THE CASE

Appellant was charged by indictment with one count of Driving While Intoxicated 3rd or More. Tr. 4.; Tex. Pen. Code §49.09(b). The State alleged three prior driving while intoxicated offenses, including two prior felony driving while intoxicated offenses, in the indictment (habitual). Tr. 4.

After a jury trial, Appellant was convicted by the jury. R.—Vol. 4, p. 49; Tr. 33. The jury, after finding both prior felony enhancements "True", assessed the following punishment: Life in the Institutional Division of the Texas Department of Criminal Justice. R.—Vol. 5, p. 85; Tr. 42. A judgment of guilt was entered by the trial court consistent with the jury's punishment verdict. R.—Vol. 5, p.87; Tr. 45. This appeal follows. Tr. 47-49, 50, 52.

## SUMMARY OF THE ARGUMENT

Appellant asserts three points of error. In his first point of error, Appellant argues that the trial court erred by denying his motion to suppress blood results based on deficiencies in the affidavit filed in support of the

blood-draw warrant. Appellant contends that the affidavit fails to set forth sufficient facts for a magistrate to find that Appellant operated a motor vehicle in a public place—an essential element of the crime of Driving While Intoxicated. Tex. Penal Code §49.04(a). Therefore, Appellant's conviction should be reversed and he should be granted a new trial.

In his second point of error, Appellant argues that the evidence adduced at trial was not sufficient to support the jury's finding of guilt for the offense of Driving While Intoxicated because there was not sufficient evidence to find that Appellant operated a motor vehicle in a public place—an essential element of the offense. *Id.* Appellant contends that neither of the state's witnesses provided testimony, either alone or in combination, from which a reasonable inference could be made that Appellant operated a motor vehicle. Therefore, Appellant's conviction should be reversed and he should be granted a new trial.

In his final point of error, Appellant argues that the trial court, in the face of a timely and specific objection, admitted extremely prejudicial evidence without conducting a balancing test as required under Rule 403 of the Texas Rules of Criminal Evidence. As a result, Appellant contends he

was deprived of due process and a fair trial.  Therefore, his conviction should be reversed and he should be granted a new trial.

# ARGUMENT

## I. The trial court erred by overruling Appellant's motion to suppress blood evidence results based on deficiencies in the blood-draw warrant.

### A. Standard of Review

"In review of a trial court's ruling on a motion to suppress, an appellate court must apply a standard of abuse of discretion and overturn the trial court's ruling only if it is outside the zone of reasonable disagreement." *Martinez v. St*ate, 348 S.W.3d 919, 922 (Tex.Crim.App. 2011)(citing *State v. Dixon*, 206 S.W.3d 587, 590 (Tex.Crim.App. 2006)).  Appellate courts are to apply a bifurcated standard of review, giving almost total deference to a trial court's determination of historic facts and mixed questions of law and fact that rely upon the credibility of a witness, but applying a *de novo* standard of review to pure questions of law and mixed questions that do not depend on credibility determinations.  *Id.* (citing *Guzman v. State*, 955 S.W.2d 85, 87-89 (Tex.Crim.App. 1997)).  When reviewing a trial court's ruling on a motion to suppress, the appellate tribunal views the evidence in the light most favorable to the ruling.  *State v. Robinson*, 334 S.W.3d 776, 778 (Tex.Crim.App.

2011)(citing *State v. Kelly*, 204 S.W.3d 808, 818 (Tex.Crim.App. 2006)). An appellate court, in reviewing the harm from a trial court's erroneous denial of a motion to suppress, evaluates "the entire record in a neutral, impartial, and even-handed manner, not in the light most favorable to the prosecution" . . . and must reverse the conviction unless, beyond a reasonable doubt, the error did not contribute to the conviction. *Tijerina v. State*, 334 S.W.3d 825, 835 (Tex.App.—Amarillo 2011, *pet. ref'd*).

### B. Argument

The trial court erred by denying Appellant's motion to suppress blood test results. At trial, Appellant contends that the affidavit supporting the warrant to obtain his blood was deficient. R.—Vol. 3, p. 106-07; Vol. 6, p. 104-05. At trial Appellant objected to the introduction of blood evidence and its results. *Id*. The trial court heard this objection and supporting arguments outside the presence of the jury and considered Appellant's objection as a motion to suppress, which it overruled based on the "totality of the circumstances." *Id*.

"No search warrant shall issue for any purpose in this state unless sufficient facts are first presented to satisfy the issuing magistrate that

15

probable cause does in fact exist for its issuance." Tex. Code Crim. Proc. art. 18.01(b). "A sworn affidavit setting forth substantial facts establishing probable cause shall be filed in every instance in which a search warrant is requested." *Id*. The sworn affidavit must set forth "sufficient facts to establish probable cause: (1) that a specific offense has been committed, (2) that the specifically described property or items that are to be searched for or seized constitute evidence of that offense or evidence that a particular person committed that offense, and (3) that the property or items constituting evidence to be searched for or seized are located at or on the particular person, place or thing to be searched." *Id*.

The affidavit supporting the issuance of a search warrant must contain sufficient facts to establish probable cause that Appellant committed the offense of driving while intoxicated and that evidence of intoxication would be found in his blood. *See Farhat v. State*, 337 S.W.3d 302, 307 (Tex.App.—Fort Worth 2011, *pet. ref'd*). The facts essential to a determination of probable cause include whether Appellant was operating a motor vehicle in a public place. *See* Tex. Penal Code §49.04(a).

Probable cause exists if, under the totality of the circumstances set forth in the affidavit before magistrate, there is a "fair probability" that contraband or evidence of a crime will be found in a particular place at the time the warrant is issued. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983); *State v. Jordan*, 342 S.W.3d 565 (Tex.Crim.App. 2011). "The magistrate may interpret the affidavit in a non-technical, common-sense manner and may draw reasonable inferences from the facts and circumstances contained within its four corners." *Jordan*, 342 S.W.3d at 369. However, there must be a substantial basis for concluding that probable cause existed for an appellate court to uphold the magistrate's probable cause determination. *State v. McLain*, 337 S.W.3d 268, 271 (Tex.Crim.App. 2011).

In the case at bar, the affidavit supporting the blood-draw warrant is merely conclusory with respect to the essential fact of operation of a motor vehicle in a public place. The affiant, in a conclusory statement, claims that he has a "belief" that Appellant was operating a motor vehicle in a public place. R.—Vol. 6, p. 104. However, the affidavit does not contain any facts, from personal observation or from the statements of others to the affiant, to support that belief. Nor are there any facts from which a reasonable inference can be drawn that Appellant, Terry Lynn Stevens, was in fact "operating" a

17

motor vehicle in a public place or any other place. *Id*. The affiant states that he "made contact" with Appellant based on a dispatch call to "92 Gateway North" regarding a vehicle stopped at the entry gate that rolled backwards into a fence. *Id*. These are the only facts contained in the affidavit with respect to the essential fact determination made by the magistrate regarding whether Appellant was operating a motor vehicle in a public place. *Id*. There are no facts to support whether the vehicle in question was in a public rather than private drive, no facts to support whether Appellant was "operating" the vehicle in question (or in any manner connected to this or any other motor vehicle), and no facts to establish *when* exactly the incident in question happened. *Id*. The affiant, from the facts in the affidavit, could have been dispatched to take a report about an incident that happened at some point much earlier in time. This is an important issue in itself since there is a temporal element in blood-draw warrants as well—whether there is a likelihood that evidence of intoxication can be found in the blood at all at the time it is to be drawn is another essential fact that the magistrate must determine from the affidavit before a warrant may be issued. *See Crider v. State*, 352 S.W.3d 704, 709-12 (Tex.Crim.App. 2011); *Jordan*, 342 S.W.3d at 571-72 (Tex.Crim.App. 2011). The affidavit is insufficient in this respect as well.

Affiant asserts no personal observations or statement from witnesses that anyone ever saw Appellant operate a motor vehicle in a public place. Affiant makes states no facts from which it can be inferred that Appellant was operating a vehicle, or that a vehicle had been operated at all by anyone, much less that Appellant was operating a motor vehicle in a public place. Reasonable inferences cannot be drawn by a magistrate regarding the essential elements of the offense of driving while intoxicated from the absence of facts in an affidavit regardless of the conclusory statements by a police officer or the apparent intoxication of Appellant when the officer made contact with him. U. S. Const. am. IV, XIV; Tex. Const. art. 1, sec. 9; Tex. Code Crim. Pro. 18.01.

Appellant's motion to suppress evidence should have been granted by the trial court and the failure to do so was error. The unlawfully obtained evidence, which was admitted at trial over the objections of Appellant, was powerful, persuasive evidence of guilt based on having an alcohol concentration of .08 or more. Since the jury was charged with finding guilt *per se* if Appellants blood alcohol level was .08 or higher, it follows that it contributed substantially in the juror's deliberations in arriving at their verdict Tr. 27. Therefore, this court should reverse Appellant's conviction. *See*

*Tijerena v. State*, 334 S.W.3d 825, 835 (Tex.App.—Amarillo 2011, *pet. ref'd*); Tex. R. App. Pro 44.2(a).

## II. The evidence with respect to the Driving While Intoxicated element of "operation" was insufficient to support a finding of guilt by the jury.

### A. Standard of Review

In determining the legal sufficiency of the evidence, the appellate court must inquire as to "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Lassaint v. State*, 79 S.W.3d 736 (Tex.App.—Corpus Christi 2002, *no pet.*)(citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex.Crim.App. 2007); *Gunter v. State*, 327 S.W.3d 797, 799 (Tex.App.—Fort Worth 2010, *no pet.*).

### B. Argument

The evidence at trial with respect to the Driving While Intoxicated element of "operation" was insufficient to support the jury's finding of guilt. Tex. Penal Code §49.04(a). A person commits the offense of Driving While

Intoxicated when he or she "is intoxicated while operating a motor vehicle in a public place." *Id.*; *Gunter*, 327 S.W.3d at 800. The penal code does not define the term "operating." *See id.*; *Gunter*, 327 S.W.3d at 800 (citing *Denton v. State*, 911 S.W.2d 388, 389 (Tex.Crim.App. 1995). "'However, the Court of Criminal Appeals has held that, to find operation of a motor vehicle, the 'totality of the circumstances must demonstrate that the defendant took action to affect the functioning of his vehicle that would enable the vehicle's use.'" *Id.* (citing *Dornbusch v. State*, 262 S.W.3d 432, 436 (Tex.App.—Fort Worth 2008, *no pet.*))(quoting *Denton*, 911 S.W.2d at 390). Therefore, "any action that is more than mere preparation toward operating the vehicle" qualifies as "operating" for purposes of the Driving While Intoxicated statute. *Gunter* at 800 (quoting *Dornbush* at 436).

In the case at bar, the state called two witnesses to establish that Appellant was operating a motor vehicle in a public place while intoxicated: McCrum and Ofc. Boucher. McCrum is the complaining witness who called police regarding a suspicious vehicle at her apartment complex gate. R.—Vol. 3, p. 38-46. Ofc. Boucher is the police officer who responded to that call from dispatch. R.Vol.—3, p. 47-103. According to McCrum, she observed a "white truck" outside her apartment complex gate that rolled backwards into a

21

fence. R.—Vol. 3, p. 39. She testified that she "could not see the people in the vehicles." *Id*. at 39, L. 1-2. McCrum described the vehicle to the 911 dispatcher only as a "white truck" with no other identifiers, such as make, model, year, license plate number, or identifying marks or damage. *Id*. at 39, 43.

After initially observing the vehicle, McCrum testified that she went into her apartment to call the police and did not go back outside until sometime after the police arrived. *Id*. at 41, 43-44. She testified that she could not recognize the driver and could not see well enough to identify a person operating the vehicle. *Id*. at 41-42. McCrum also testified that she did not, and could not, identify the driver to the 911 operator because she could not see who was driving the vehicle. *Id*. at 41-42. Moreover, the vehicle was out of her sight for three to five minutes before the police arrived and she went back outside[1]. *Id*. at 43-44. Therefore, the state failed to establish through Witness McCrum that Appellant was operating a motor vehicle in a public

---

[1] Ofc. Boucher testified that he arrived on scene five minutes after he was dispatched. R.—Vol. 3, p. 50.

[2] The state did not offer any evidence or elicit any testimony regarding exactly what dispatch told Ofc. Boucher. The best evidence of this is probably the affidavit of Ofc. Boucher in support of the request for a blood-draw warrant—which makes no mention of any communication regarding operation of a motor vehicle by Appellant. It is of no moment in the case at bar though since this would only go to probable cause to arrest and not the sufficiency of the evidence to support a conviction. Moreover, Witness McCrum testified that she did not tell the 911 dispatcher that Appellant was operating the vehicle in

place.    Moreover, the state failed to establish, through the testimony of Witness McCrum, facts from which it could be reasonably inferred that Appellant operated a motor vehicle in a public place—an essential element of the crime of Driving While Intoxicated.  Tex. Penal Code §49.04(a).

Ofc. Boucher testified at trial that upon arrival at the apartment complex he saw a white Ford truck parked in the front lot.  R.—Vol.3, p. 50.  However, he could see if anyone was in the vehicle.  *Id*. at 51.  After driving into the complex to see which gate was at issue, he parked facing the front of the only white truck he saw.  *Id*.  Ofc. Boucher testified that he parked his vehicle and observed Appellant exit a white Ford truck and stand next to the driver's door.  *Id*. at 54.  However, Ofc. Boucher testified that he never saw Apellant drive the vehicle, that at the time he made contact Appellant was not in operation of the vehicle, that he did not see Appellant use his car keys, that he did not see Appellant operate the gear shift of the vehicle, and that he did not see the vehicle move.  *Id*. at 80.  Ofc. Boucher further testified that at the time he made contact with Appellant the vehicle was on private property and parked.  *Id*. at 81.  Moreover, he does not know if the vehicle was "on" prior to his arrival on the scene.  *Id*. at 98.  Ofc. Boucher additionally testified that he did not have any facts to support his belief that Appellant was operating a motor

23

vehicle in a public place other than Witness McCrum's communications to the 911 dispatcher[2]. *Id*. at 101-02. He admitted at trial that he never spoke with Witness McCrum and did not have any direct communications with her. *Id.* Therefore, the state failed to establish through Ofc. Boucher that Appellant was operating a motor vehicle in a public place. Moreover, the state failed to establish, through the testimony of Ofc. Boucher, alone or in combination with the testimony of Witness McCrum, facts from which it could be reasonably inferred that Appellant operated a motor vehicle in a public place—an essential element of the crime of Driving While Intoxicated. Tex. Penal Code §49.04(a).

The evidence at trial is not sufficient such that a rational trier of fact could find beyond a reasonable doubt that Appellant operated a motor vehicle in a public place[3]. As such, the evidence was not sufficient to sustain a conviction

---

[2] The state did not offer any evidence or elicit any testimony regarding exactly what dispatch told Ofc. Boucher. The best evidence of this is probably the affidavit of Ofc. Boucher in support of the request for a blood-draw warrant—which makes no mention of any communication regarding operation of a motor vehicle by Appellant. It is of no moment in the case at bar though since this would only go to probable cause to arrest and not the sufficiency of the evidence to support a conviction. Moreover, Witness McCrum testified that she did not tell the 911 dispatcher that Appellant was operating the vehicle in question because she could not see. R.—Vol. 6, p. 104; R.Vol.—3, p. 41-42.

[3] Appellant did not testify at the guilt/innocence phase of his trial. He did testify at the punishment phase of the trial and admitted to operation of the vehicle on cross-examination. However, it is a bifurcated trial process and admissions and other evidence adduced at the punishment phase does not obviate the state's burden of proving each and

in this case and Appellant's conviction should be reversed. Tex. R. App. Pro 44.2(a).

## III. The trial court erred by allowing into evidence tapes of Appellant's phone conversations from jail without conducting a balancing test in light of Appellant's Rule 403 objection.

### A. Standard of Review

A trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion standard. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App. 1990); *Martinez v. State*, 327 S.W.3d 727 (Tex.Crim.App. 2010). The trial court's decision is reversed only if it acts arbitrarily, unreasonably, or without reference to any guiding rules or principles.

---

every element of its case at the guilt/innocence phase. If that were the rule, the state could merely lay behind the log and use the relaxed and broader rules regarding what is admissible and relevant to punishment to make cases where it otherwise could not meet its burden. To do so would deprive criminal defendants of due process. U. S. Const. amend. V, VI, XIV; Tex. Const. art. 1, sec. 10, 15, 19; *cf. Mitchell v. United States*, 526 U.S. 314, 119 S.Ct. 1307, 143 L.Ed.2d 424 (1999)(using punishment phase testimony by defendant to establish facts necessary at guilt/innocence phase of trial undermines the vital principal that criminal proceedings should rely on accusations proved by the government and not on inquisitions conducted to enhance prosecutorial power).

Additionally, the state admitted into evidence, over defense objection, tapes of conversations of Appellant from jail. The record indicates there may have been admissions in these tapes. However, transcripts of the tapes were not admitted into evidence and are not in the record. Additionally, the court reporter did not transcribe the tapes into the Reporter's Record. Presumably the actual tapes are in the possession of the court reporter, but Appellate counsel does not know the contents of those tapes and does not have the ability on the record provided to him to ascertain their contents. R.—Vol. 4, pp. 5-6, 18, 20, 21; R.—Vol. 6, pp. 54-55.

25

*Montgomery* at 380. The trial court's ruling is upheld if it is inside the bounds of reasonable disagreement. *Montgomery* at 391. An abuse of discretion of non-constitutional dimension "is reversible only when it has a substantial and injurious effect or influence in determining the jury's verdict." *Taylor v. State*, 268 S.W.3d 571, 592 (Tex.Crim.App. 2008). A conviction in such cases should be overturned unless there is fair assurance from the record as a whole that the error did not influence the jury or had but slight effect. *Id.;* Tex. R. App. P. 44.2.

### B. <u>Argument</u>

The trial court erred by allowing into evidence tapes of Appellant's phone conversations from jail without conducting a balancing test in light of Appellant's Rule 403 objection. Tex.R.Crim.Evid. "Once a Rule 403 objection is raised [as it was in this case] a trial court has no discretion as to whether or not to engage in the balancing process." *Mozon v. State*, 991 S.W.2d 841, 846 n.6 (Tex.Crim.App. 1999); *see Gigliobianco v. State*, 210 S.W.3d 637, 641-42 (Tex.Crim.App. 2006). In this case the Appellant made a timely objection under Rule 403 to the offer of admission into evidence of tapes of Appellant's phone calls from jail. Tex.R.Crim.Evid.; R.—Vol. 4, pp. 5-6, 17. This objection was overruled by the trial court on the basis that the

tapes were relevant to the issue of whether Appellant was operating a vehicle and were thus not cumulative. R.—Vol. 4, p. 6-7, 18. However, the trial court did not conduct a balancing test under Rule 403 of the Texas Rules of Evidence as it was required to do. *Mozon*, 991 S.W.2d at 846 n.6; *see Gigliobianco*, 210 S.W.3d at 641-42. The extremely prejudicial nature of the tapes is apparent from the record—the jury asked for the tapes and was given them to play back in the jury room during deliberations. Tr. 32. Appellant contends that the trial court was required to engage in a Rule 403 balancing analysis in order to ensure due process and a fair trial, yet failed to do so which was error. Tex.R.Cim.Evid.; *Mozon* at 846 n.6; *Gigliobianco* at 641-42.

The failure of the trial court to conduct a Rule 403 balancing test deprived Appellant of a fair trial and was an abuse of discretion. Tex. R. Crim. Evid.; *see id*. Appellant contends, that by failing to conduct a Rule 403 balancing test, the trial court admitted the evidence without any guiding rules or principles and abused its discretion. *Id.*; Tex. R. Crim. Evid.; *see Montgomery*, 810 S.W.2d at 380. A conviction in such cases should be overturned unless there is fair assurance from the record as a whole that the error did not influence the jury or had but slight effect. *Taylor*, 268 S.W.3d at

27

592*;* Tex. R. App. P. 44.2.  Appellant contends that the record does not give fair assurance that this error did not influence the jury or have only a slight effect.  Therefore, his conviction should be overturned and he should be granted a new trial.  Tex. R. App. P. 44.2.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant Terry Lynn Stevens, respectfully prays that this Court reverse his conviction, vacate his sentence and remand this case to the trial court for a new trial.  Appellant further prays that the Court grant such other and further relief to which Appellant is justly entitled.

Respectfully submitted,

/s/ Tracy D. Cluck

_____

TRACY D. CLUCK
Texas Bar No. 00787254
1450 West Highway 290, #855
Dripping Springs, TX  78620
Telephone:  512-264-9997
E-Fax:       509-355-1867
tracy@tracyclucklawyer.com

ATTORNEY FOR APPELLANT
TERRY LYNN STEVENS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Brief of Appellant, Terry Lynn Stevens, has been served on the attorney listed below by E-Serve and e-mail, on April 25, 2015:

424th & 33rd District Attorney's Office
Mr. Wiley B. McAfee, Dist. Atty.
Mr. Gary Bunyard, Asst. Dist. Atty.
g.bunyard@co.llano.tx.us

/s/ Tracy D. Cluck

_____

TRACY D. CLUCK


## CERTIFICATE OF WORD COUNT

I certify that the pertinent portion of the brief for the Appellant, Terry Lynn Stevens, is comprised of approximately 4782 words.

/s/ Tracy D. Cluck

_____

TRACY D. CLUCK